IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UMAR M. AIDARUS | ) | |
| | ) | |
| v. | ) | No. 3:12-0229 |
| | ) | Judge Haynes/Bryant |
| METRO NASHVILLE PUBLIC SCHOOLS | ) | |

To: The Honorable William J. Haynes, Jr., District Judge

## REPORT AND RECOMMENDATION

### I.

Plaintiff Umar M. Aidarus filed this action pro se and in forma pauperis on February 28, 2012. By Order entered March 5, 2012, Judge Haynes referred the matter to the undersigned for assessment of whether plaintiff's complaint warrants further proceedings, pursuant to 28 U.S.C. § 1915(e)(2). (Docket Entry No. 4) For the reasons given below, the undersigned finds that plaintiff's complaint fails to state a claim upon which relief can be granted, and is therefore subject to dismissal under §1915(e)(2)(B)(ii).

### II.

Under 28 U.S.C. § 1915, which governs "Proceedings in forma pauperis," the district court is empowered to review a complaint filed in forma pauperis in order to ascertain its viability, subject to the following mandate:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). See also McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)) (instructing district courts to screen complaints filed by non-prisoners proceeding in forma pauperis, holding that "[t]he complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.").

A complaint is frivolous "where it lacks an arguable basis either in fact or in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). When deciding whether a complaint states a claim for relief, all well-pleaded factual allegations are accepted as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). The complaint must contain "enough facts to state a claim to relief that is plausible on its face [,]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint suggesting "the mere possibility of misconduct" is insufficient. Id. at 679. See also Floyd v. County of Kent, 454 F. App'x 493, 496-97 (6th Cir. Jan. 6, 2012). Pro se complaints are liberally construed, however, and are held to less stringent standards than the formal pleadings prepared by attorneys. Williams, 631 F.3d at 383.

# III.

The undersigned has reviewed the complaint in this matter, and finds that even under the most generous construction, it fails to state a claim upon which relief can be granted. Plaintiff sues under Title VII of the Civil Rights Act of 1964, alleging discrimination on the basis of his race, religion, and national origin in the termination of his employment. (Docket Entry No. 1 at ¶¶ 1, 8) Plaintiff has incorporated his December 3, 2010 charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") into his complaint, and relies on that charge as the statement of his case against defendant. Id. at ¶ 9. The allegations contained in that charge are set forth in full below:

> I was hired as a custodian on July 17, 2000. In December 2009, I was not invited to the school Christmas party and had work duties assigned to me while the party was going on. The principal, Kimber Halliburton, required me to perform duties outside of my normal responsibilities by being assigned to work on Sunday to open the school for a church service. I was unable to make it due to my illness and the principal harshly criticized me. I was terminated effective February 26, 2010 while I was under a doctor's care.
>
> The reason given for my termination is for absence without notification or approval for leave.
>
> I believe I have been discriminated against due to my religion, Muslim; race, Black; and national origin, Somalia; in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against in violation of the Americans with Disabilities Act Amendments Act of 2008.

(Docket Entry No. 1 at 5) The complaint (Docket Entry No. 1 at ¶ 5) and EEOC charge (id. at 5) also reflect that the date of plaintiff's actual termination was February 6, 2010, and its effective date was February 26, 2010. Also attached to plaintiff's complaint is a copy of his right-to-sue letter from the EEOC, which was mailed on November 28, 2011. Id. at 6.

While plaintiff charged discrimination on the basis of race, religion, national origin and disability before the EEOC, his complaint in this court is solely filed under Title VII, with no mention of any alleged disability. It thus appears that his claim for racial, religious, and/or national origin discrimination must rest upon the inference that his termination for missing a shift due to illness without prior approval (which he does not appear to contest) was in fact pretext for such discrimination. This is not a reasonable inference to which plaintiff is entitled, based upon the sparse factual allegations of the charge/complaint, including the allegation that he had been employed by defendant for over nine years (apparently without incident) before being required to work during one Christmas party in 2009 and on one Sunday in 2010. Assuming the truth of all nonconclusory allegations, the complaint in this case simply does not state a plausible claim of discrimination. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), this case must be dismissed.

### IV.

In light of the foregoing, the Magistrate Judge recommends that plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985);

Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 10th day of July, 2012.

                                           s/ John S. Bryant
                                           JOHN S. BRYANT
                                           UNITED STATES MAGISTRATE JUDGE